Diane R. LEHMANN, Plaintiff,

v.

UNUM LIFE INS. CO. OF AMERICA, Defendant.

No. 95–C–332.

United States District Court, E.D. Wisconsin.

March 7, 1996.

James M. Ryan, Kasdorf, Lewis & Swietlik, Milwaukee, WI, for plaintiff.

John Harper III, Dunkley, Bennett & Christensen, Minneapolis, MN, for defendant.

## OPINION AND ORDER

CURRAN, District Judge.

Diane R. Lehmann commenced this action pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), which permits participants or beneficiaries of employee benefit plans to bring civil actions to recover benefits due them under the terms of the plan. Before the court are the parties' cross motions for summary judgment.

## SUMMARY JUDGMENT STANDARDS

 Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other materials show "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(b). Only disputes concerning facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Inferences drawn from the record must be resolved in the light most favorable to the nonmoving party. The court is not required, however, to draw every conceivable inference but rather only those that are reasonable. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir.1987). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Except where noted, the following facts are undisputed.

## FACTS

The Plaintiff was born on November 10, 1959, and is a resident of Wisconsin. On December 3, 1986, she became employed by Advanced Systems Applications, Inc. (ASA), located in Bloomington, Illinois, which was later purchased by Policy Managements Systems Corporation. Her position at ASA was Director of HMO Development, which involved overseeing the design of large computer systems which ASA was developing for its client insurance companies. During the course of her employment, she managed a staff of as many as 50 employees.

Effective June 1, 1989, UNUM Life Insurance Company (UNUM) provided a long-term disability insurance policy to ASA under Group Police No. 500424 which provided coverage to ASA employees, including Diane Lehmann. This policy was an employee welfare benefit plan pursuant to 29 U.S.C. § 1002 and subject to ERISA.

The policy contained the following provisions regarding notice and proof of claim and the timing of the commencement of legal action:

F. NOTICE AND PROOF OF CLAIM

1. Notice

a. Written notice of claim must be given to the Company within 30 days of the date disability starts, if that is possible. If that is not possible, the Company must be notified as soon as it is reasonably possible to do so.

b. When the Company has the written notice of claim, the Company will send the insured its claim forms. If the forms are not received within 15 days after written notice of claim is sent, the insured can send the Company written proof of claim without waiting for the form.

2. Proof

a. Proof of claim must be given to the Company. This must be done no later than 90 days after the end of the elimination period.

b. If it is not possible to give proof within these time limits, it must be given as soon as reasonably possible. But proof of claim may not be given later than one year after the time proof is otherwise required, unless the insured is legally unable to notify the Company.

c. Proof of continued disability and regular attendance of a physician must be given to the Company within 30 days of the request for the proof.

d. The proof must cover:

i. the date disability started;

ii. the cause of disability; and

iii. how serious the disability is.

## H. LEGAL PROCEEDINGS

A claimant or the claimant's authorized representative cannot start any legal action:

1. until 60 days after proof of claim has been given; nor

2. more than 3 years after the time proof of claim is required.

On September 17, 1989, Diane Lehmann gave birth to her son. In the month preceding the birth she had been admitted to the hospital for pre-term labor on two separate occasions. When the Plaintiff returned to work after her maternity leave in November 1989, she continued to experience debilitating symptoms, including severe fatigue, extreme pain in her back and body joints, fever and chills. She was further experiencing hair loss, skin lesions and sores in her mouth and throat.

Shortly after returning to work, Diane Lehmann asked to change from full time status to part-time status. She resigned shortly thereafter on February 2, 1990. She testified at her deposition that she felt she could no longer do the job but that she did not recall telling her employer that she was resigning because of health reasons.

The Plaintiff's medical condition did not improve. She relied on the help of her husband, mother and sister in taking care of the baby and the house. According to her testimony, the Plaintiff called UNUM in April or May of 1990 in order to inquire as to the procedure for filing a long-term disability claim. It is her recollection that the individual at UNUM advised her that in order to file the claim the claimant must have proof of disability, including medical documentation and physician's statements. The Plaintiff further states that she was told, in response to her inquiry, by the UNUM representatives that there were no deadlines.

The Plaintiff continued to exhibit symptoms which remained undiagnosed until December 11, 1991, when Mark Schrager, M.D., a rheumatologist, diagnosed her as suffering from systemic lupus. She claims that she contacted UNUM by telephone in February of 1992 and was informed that she would need to submit a claim form along with all supporting medical documentation to UNUM for consideration. On January 21, 1993, Elizabeth Haney of PMSC, the successor corporation to ASA, sent a letter to UNUM inquiring into Diane Lehmann's eligibility for long-term disability benefits. UNUM sent the claim forms to Elizabeth Haney, who forwarded them to Diane Lehmann on February 5, 1993. Diane Lehmann submitted the completed employee section of the claim form on April 9, 1993, and UNUM received the completed employer section of the claim form on June 14, 1993. By letter dated June 18, 1993, UNUM denied the Plaintiff's application for benefits for failure to file a timely notice and proof of claim. The letter noted that, based on a disability date of February 3, 1990, the elimination period would have been satisfied on August 2, 1990, and that UNUM first received notice of a possible claim on January 27, 1993, with the application for benefits being received on June 14, 1993. The Plaintiff requested a review by letter dated August 10, 1993, but the denial was upheld by letter dated September 24, 1993. In this letter it was noted that the elimination period being satisfied on August 2, 1990, the latest that proof could be submitted would have been November 2, 1991. The parties agree that if UNUM had allowed benefits under the policy, Diane Lehmann would receive a net monthly benefit of $2,339.70 until age 65 and would have received $139,382 in retroactive benefits.

## STANDARD OF REVIEW

The Defendant contends that its denial of benefits must be accorded deference and reviewed under the arbitrary and capricious standard. It relies on *Donato v. Metropolitan Life Insurance Company*, 19 F.3d 375 (7th Cir.1994); *Russo v. Health, Welfare and Pension Fund, Local 705*, 984 F.2d 762 (7th Cir.1993); and *Filipowicz v. American Stores Benefit Plans Committee*, 56 F.3d 807 (7th Cir.1995) as authority for applying the arbitrary and capricious standard. In *Donato*, however, the court found that the plan granted discretionary authority to Met Life

because it contained language stating that it would pay disability benefits upon receipt of proof but that "all proof must be satisfactory to us." *Id.* at 379. This satisfied the requirement for discretionary authority articulated by the Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

In *Russo*, the court found that the trustees had discretion to construe the pension plan terms and allocate benefits based on language in the Trust Agreement which provided as follows:

> All questions or controversies ... as to any claim for any benefits preferred by any employee ... [or] as to the construction of the language or meaning of the pension plan, or rules and regulations adopted by the Trustees ... or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund ... shall be submitted to the Trustees for decision initially or by appeal ... and the decision of the Trustees, shall be binding upon all persons dealing with the Trust Fund or claiming any benefit thereunder.

*Id.* at 765 n. 3.

■ In *Filipowicz*, the court noted that it was unclear whether the plan administrator's decision to deny benefits was entitled to deference and the arbitrary and capricious standard because the plan summary provided that the plan fiduciaries had discretionary authority to interpret the terms of the plan but the group insurance contract did not contain a similar grant of discretion. The Seventh Circuit, however, declined to decide the issue because the plaintiff did not contest the propriety of the deferential standard and, even under that standard, the plan would lose. *Filipowicz*, 56 F.3d at 814 n. 4. In this case, UNUM has failed to point to any language in the policy which would grant it the discretion to determine eligibility for benefits or to construe the terms of the plan as set forth in *Bruch*. The court's review accordingly is *de novo*.

### ANALYSIS

■ In order for a claimant to sustain a cause of action for breach of an employee benefit plan under Section 502(a)(1)(B) of ERISA, the claimant must establish that she has satisfied the conditions necessary for benefits under the plan. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992). UNUM argues that the limitations period in the policy is reasonable and precludes the Plaintiff from recovering long-term disability benefits. The date of disability was February 2, 1990, and the elimination period under the policy is 180 days. Therefore, under the Defendant's interpretation of the policy, the Plaintiff was required to give notice of her claim within 30 days of the date of disability or when "reasonable." She was further required, under the Defendant's interpretation, to provide proof of claim to UNUM within 90 days of the expiration of the 180 day elimination period, November 2, 1990. The policy further provided that if it was not possible to give proof by 90 days after the elimination period, then it must be given as soon as reasonably possible but no later than one year after proof was otherwise required, which would be November 2, 1991. Finally, the Defendant construes the policy to provide that the Plaintiff failed to commence this action within the time limit provided in the policy, which the Defendant construes as being within four years and nine months after the Plaintiff became totally disabled, November 2, 1994. This action was commenced on April 20, 1995.

The Plaintiff argues that the notice and proof of claim provisions in the UNUM policy are ambiguous and thus must be strictly construed in favor of her. *McNeilly v. Bankers United Life Assurance Co.*, 999 F.2d 1199, 1201 (7th Cir.1993); *Phillips v. Lincoln National Life Insurance Company*, 978 F.2d 302, 308 (7th Cir.1992); *Northbrook Excess & Surplus Insurance Co. v. Procter & Gamble*, 924 F.2d 633, 638 (7th Cir.1991). She argues that because she was not diagnosed until after the latest day that she would have been able to submit a proof of claim, UNUM's interpretation makes the policy itself illusory. She further contends that a more reasonable reading of the proof of claim provisions would be that if, under subpart B of the proof of claim provision, it is not possible to give proof within the time

limits, then the claimant must submit proof within one year after the time it is reasonably possible for the person to provide proof. Diane Lehmann was diagnosed as having lupus on December 11, 1991, and UNUM received written notice of the claim on January 27, 1993. The Plaintiff argues that it would not have been possible to provide proof of claim for at least one to three months following the diagnosis and, thus, the notice of claim filed approximately 14 months after the diagnosis was one year after it was reasonably possible to do so.

The Defendant, however, argues that the policy does not require a diagnosis but rather the proof required under the policy is the date the disability started, the cause of the disability, and the severity of the disability. The Defendant relies on *Oas v. Royal Maccabees Life Insurance Company,* Civil Action No. 95–CV–2451, 1995 WL 664640 (E.D.Penn.1995) as authority for the proposition that a claimant need not have a diagnosis in order to comply with the proof of claim requirement. In *OAS* the plaintiff terminated his employment on September 7, 1993, following a period of having suffered flu like symptoms, including feelings of stress and fatigue. Seven months after his termination, in April 1994, he was diagnosed as suffering from colon cancer. He filed his claim for long-term disability benefits on August 29, 1994. The Defendant denied coverage on the grounds that the Plaintiff had not complied with the explicit deadline set forth in the policy and was thus not entitled to disability benefits. The notification provision in the policy required a claimant to write to the insurance company about a claim during the elimination period or as soon as reasonably possible thereafter. The elimination period was 90 days following the onset of disability and the claimant was to have filed the initial claim or proof within 90 days following the end of the elimination period. Thus, in order for the plaintiff to have complied with the terms of the policy, he should have submitted his claim or proof of disability no later than February 21, 1994—two months before his cancer was diagnosed. The Pennsylvania District Court found the notice provisions in the policy clear and unambiguous and that the focus should have been the symptoms which prevented the claimant from working, which the policy defined as "an injury or sickness which prevents you from doing the main duties of your regular occupation" and not the cancer diagnosis.

■ This court is not prepared to go as far as the *OAS* court in holding that a reasonable limitation under federal law could provide that before a claimant has received a diagnosis she must file her proof of claim. I find it unnecessary to do so because, even under the Plaintiff's interpretation of the timeliness of the submission of the proof of claim, she was late. The Plaintiff was diagnosed on December 11, 1991, and she did not file her proof of claim until April 5, 1993. In order to accept the Plaintiff's interpretation, the court would have to find that, after being diagnosed, a claimant is entitled to an unspecified period of time within which to gather the medical records and then was provided an additional year within which to submit her proof. This would be a strained and tortured interpretation of the policy, violating the rule that terms in a policy are to be construed "in an ordinary and popular sense as would a [person] of average intelligence and experience." *McNeilly,* 999 F.2d at 1201 quoting *Hammond v. Fidelity & Guaranty Life Insurance Co.,* 965 F.2d 428, 430 (7th Cir.1992) (quoting *Evans v. Safeco Life Insurance Co.,* 916 F.2d 1437, 1441 (9th Cir. 1990). The Plaintiff did not comply with the terms of the policy and UNUM did not breach its contractual obligations under the policy in rejecting her claim. Accordingly,

IT IS ORDERED that the Defendant's motion for summary judgment be and hereby IS GRANTED.

IT IS FURTHER ORDERED that the Plaintiff's motion for summary judgment IS DENIED.

IT IS FURTHER ORDERED that the Clerk enter final judgment as a separate document in favor of the Defendant and against the Plaintiff who takes nothing.

Done and Ordered.